UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODEON CAPITAL GROUP, LLC, MATHEW VAN ALSTYNE, and EVAN SCHWARTZBERG, <br><br> Petitioners, <br><br> -against- <br><br> BRET ACKERMAN, <br><br> Respondent. | Case No. 16-cv-00274 <br><br> **AMENDED NOTICE OF REMOVAL** <br><br> Supreme Court of the State of New York County of New York <br> Index No. 654302/2015 |

Respondent Bret Ackerman ("Ackerman"), by his attorneys, Kudman Trachten Aloe LLP, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing to the United States District Court for the Southern District of New York the special proceeding brought by petitioners Odeon Capital Group, LLC ("Odeon"), Mathew Van Alstyne ("Van Alstyne"), and Evan Schwartzberg ("Schwartzberg") in the Supreme Court of the State of New York, County of New York, Index No. 654302/2015. In support of his notice and grounds for removal, Ackerman states as follows:

### Introduction

1.      Ackerman is the respondent in a proceeding entitled *Odeon Capital Group, LLC, Mathew Van Alstyne, and Evan Schwartzberg v. Bret Ackerman*, Index No. 654302/2015, pending in the Supreme Court of the State of New York, County of New York (the "State Court Action"). The proceeding seeks to vacate an arbitration award rendered under the rules of the Financial Industry Regulatory Authority ("FINRA) dated November 20, 2015 (the "Award") Dispute Resolution Arbitration No. 14-02042).

2.      The Award awarded Ackerman compensatory damages of $1,102,193.00 for unpaid wages, interest at a rate of 9% per annum from November 1, 2012 (greater than $310,000.00 as of the date of this Notice of Removal), attorneys' fees of $247,532.00, and costs

of $21,349.25. The Award specified that petitioners were jointly and severally liable for the amounts awarded to Ackerman.

3. The Petition in the State Court Action seeks an order pursuant to CPLR 7511 and 9 U.S.C. § 10 vacating the arbitration award; Ackerman intends to oppose the application and move for confirmation of the award and to be awarded his attorneys fees in herein.

### Subject Matter Jurisdiction

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because it is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Ackerman is a citizen and resident of Santa Monica, California.

6. Odeon is a Delaware limited liability company with its principal place of business at 750 Lexington Avenue, 27th Floor, New York, New York 10022, which is located in the County of New York. Van Alstyne and Schwartzberg are the only members of Odeon.

7. Van Alstyne is a resident of the County of New York and is thus a citizen of New York.

8. Schwartzberg is a resident of the County of New York and is thus a citizen of New York.

9. Therefore, removal is proper under 28 U.S.C. § 1441(a) because this Court has diversity jurisdiction.

### Removal is Timely and the Requirements of 28 U.S.C. § 1446 Are Satisfied

10. Petitioners commenced the State Court Action on December 18, 2015, by filing a Notice of Petition and Petition to Vacate an Arbitration Award together with numerous exhibits

and a supporting memorandum of law in the Supreme Court of the State of New York, County of New York.

11. In accordance with 28 U.S.C. § 1446(a), Ackerman has attached "all process, pleadings, and orders served upon" him in the State Court Action as Exhibit A.

12. On December 18, 2015, petitioners' counsel sent a copy of the documents filed in the State Court Action to Ackerman's counsel by email and asked whether Ackerman's counsel would accept service of the Petition on Ackerman's behalf. Ackerman's counsel responded on December 21, 2015, and advised petitioners' counsel that he was authorized to accept service.

13. On January 14, 2016, respondent, through the undersigned counsel, filed a notice of appearance in the State Court Action, and accepted service as of that date. A copy of the notice of appearance is attached as Exhibit B.

14. This action has been removed within the thirty day time frame set forth in 28 U.S.C. § 1446(b)(1). Even if measured against the receipt of the courtesy copy of petitioners' papers on December 18, 2015 (in contravention of *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)), only 26 days have passed since receipt.

15. Respondent is the only adverse named party in this proceeding. Accordingly, the requirement in 28 U.S.C § 1446(b)(2) that all defendants who have been properly joined and served must join in or consent to the removal of the action is satisfied.

16. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the State Court Action is pending in the Supreme Court of the State of New York, County of New York.

17. Ackerman will promptly file a Notice of Filing of Notice of Removal in the Supreme Court of the State of New York, County of New York, with copies served on counsel for petitioners, in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Ackerman hereby gives notice that the State Court Action, which is now pending against him in the Supreme Court of the State of New York, County of New York, has been removed to this Court, and he respectfully requests that the matter proceed in this Court as an action properly removed.

Dated: New York, New York
January 14, 2016

By: _____
Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE LLP
Empire State Building
350 Fifth Avenue, 68th Floor
New York, New York 10118
Tel: (212) 868-1010

*Attorneys for Respondent Bret Ackerman*