UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODEON CAPITAL GROUP, LLC, MATHEW VAN ALSTYNE, and EVAN SCHWARTZBERG,<br><br>Petitioners,<br><br>-against-<br><br>BRET ACKERMAN,<br><br>Respondent. | Case No. 16-cv-00274(JSR) |

## REPLY IN SUPPORT OF PETITION TO VACATE AND IN OPPOSITION TO CROSS-MOTION TO CONFIRM ARBITRATION AWARD

Mark D. Knoll (MK5343)
**BRESSLER, AMERY & ROSS, P.C.**
17 State Street
New York, New York 10004
(212) 425-9300
(212) 425-9337 (f)
mknoll@bressler.com

*Attorneys for Petitioners*

# TABLE OF CONTENTS

                                                             **Page**

**Table of Contents**..................................................................................................i

**Table of Authorities** ............................................................................................ii

I.       **Introduction** ................................................................................................1

II.      **Argument** ....................................................................................................2

A.      **The Declaration of Paul Aloe Violates Local Rule 7.1 and Should Be Struck**..............2

B.      **The Arbitration Award Should Be Vacated**................................................................3

          1.      The Panel Engaged in Misconduct by Failing to Rule on Petitioners' Motion to Strike and to Adjourn the Final Hearing................................................................3

                   a.      Respondent Had All Necessary Information Related to His Wage Claim Before He Filed His Arbitration................................................................4

                   b.      Petitioners' Motion to Strike or Adjourn was Timely Filed........................5

                   c.      The Panel Never Ruled on Petitioners' Motion to Strike or Adjourn..........5

          2.      The Panel Committed Misconduct by Failing to Allow a Brief Adjournment at the Beginning of Petitioners' Cross-Examination of Respondent's Expert..................6

          3.      Respondent Mischaracterizes Petitioners' Arguments............................................7

          4.      The Panel's Award of 100% of Respondent's Counsel's Attorney's Fees and its Interest Award Constitutes Manifest Disregard of the Law................................. 8

          5.      The Panel's Award of Joint and Several Liability Violates New York Law...........8

          6.      The Panel's Wage Award is Not Supported by the Record.....................................9

III.     **Conclusion**................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A&P v. Town of E. Hampton*, 997 F. Supp. 340 (E.D.N.Y. 1998) .................................................. 3

*Bell Aerospace Co. Div of Textron Inc. v. Local 516, UAW*, 500 F.2d 921 (2d Cir. 1974) .............. 6

*Bruno v. City of Schenectady*, 2014 U.S. Dist. LEXIS 81386 (N.D.N.Y June 16, 2014) ................ 2

*Clark v. Kitt*, 2014 U.S. Dist. LEXIS 113494 (S.D.N.Y. Aug. 15, 2014) ........................................ 3

*Farrar v. Hobby*, 506 U.S. 103 (1992) ........................................................................................ 8

*GFI Sec. LLC v. Labandeira*, 2002 U.S. Dist. LEXIS 4932 (S.D.N.Y. Mar. 26, 2002) ................. 9

*Int'l Union, United Mine Workers of Am. v. Marrowbone Devel. Co.*, 232 F.3d 383 (4th Cir. 2000) ........................................................................................................................ 7

*McCarthy v. Kelner, Pecoraro & Kelner, P.C.*, 2012 U.S. Dist. LEXIS 32288 (D.N.J. Mar. 12, 2012) ........................................................................................................................ 2

## STATE CASES

*Braisted v. Bullock*, 133 A.D.2d 438, 439 (N.Y. App. Div. 2d Dep't 1987) ................................. 1

## FEDERAL STATUTES

9 U.S.C. § 9 ................................................................................................................................. 2

9 U.S.C. § 10 ............................................................................................................................... 2

## STATE STATUTES

New York CPLR §7511 ........................................................................................................... 2-3

New York LLC Law § 609 ..................................................................................................... 8-9

## LOCAL RULES

Local Rule 7.1 ......................................................................................................................... 2-3

## OTHER RULES

FINRA Rule 13506 .................................................................................................................... 3

FINRA Rule 13514 ................................................................................................................. 3, 6

FINRA Rule 13604 .................................................................................................................... 5

FINRA Rule 13904..................................................................................................................5

## I. INTRODUCTION

Respondent's Opposition and Cross-Motion to Confirm misrepresents key facts and ignores applicable precedent in an attempt to salvage the deficient Award. In particular, Respondent's counsel, in his overlong and improper Declaration, misstates the record and represents that:

1) the Panel somehow ruled on Petitioners' prehearing motion to strike and/or adjourn;

2) the Panel somehow reached this ersatz "ruling" based on Petitioners' alleged delay in producing trade tickets; and

3) that counsel for Petitioners did not ask for a short adjournment in order to review and evaluate "evidence" not provided until the middle of the final day of hearing.

These misstatements of the record underpin Respondent's entire substantive argument.

At its heart, the Motion to Vacate is predicated on the fact that Petitioners were denied by the Panel the fundamental due process due litigants in arbitration proceedings. In particular, Petitioners were prevented from being able to conduct any meaningful analysis or cross-examination of the supposed "evidence" related to Respondent's wage claims. Then the Panel compounded its error by issuing an Award based solely on those wage claims – an Award, it bears repeating, that Respondent cannot tie in any rational manner to the evidence presented. Petitioners' recognize that arbitration is intended to be an efficient and less-costly means of resolving disputes. However, courts in New York recognize and "appreciate the importance of the swift disposition of disputes, this goal may not be accomplished at the expense of fairness to the parties." *Braisted v. Bullock*, 133 A.D.2d 438, 439 (N.Y. App. Div. 2d Dep't 1987). Here, the Panel erred when it chose expediency over a thoughtful consideration of the very claims upon which the Award was based.

The record is clear that Respondent intentionally withheld his damages "analyses" until just before the hearing and then foisted "updated" or revised calculations during and up through the very last hours of the hearing. Despite Petitioners' objections, the Panel denied Petitioners' requests for an adjournment (including a short break) to mitigate the gross prejudice created by Respondent's late-offered calculations and "expert" testimony submitted in ostensible support of his wage claims. Thus, the argument in favor of vacatur is simple: the Panel simply was not permitted to truncate the effective review and examination of the very "evidence" upon which Respondent's wage Award was based. For the reasons set forth in Petitioners' Petition and herein, this Court should vacate the FINRA award.

## II. ARGUMENT

### A. THE DECLARATION OF PAUL ALOE VIOLATES LOCAL RULE 7.1 AND SHOULD BE STRUCK

In support of his Motion, Respondent's counsel has submitted a twenty-six page Declaration (the "Aloe Declaration") that, through its combination of purported "fact" and legal argument, is a bald attempt to circumvent the Court's page limitations and violates Local Rule 7.1. The Aloe Declaration should be struck and the averments therein disregarded.

The Aloe Declaration contains no fewer than thirty-four (34) paragraphs that are either legal argument or factual conclusions drawn by Mr. Aloe himself. The following are just a few examples of the more egregious statements in counsel's impermissible "briefadavit"[1]:

- Petitioners failed to demonstrate a basis to vacate the Award under 9 U.S.C. § 10(a) or CPLR 7511(b)(1). Therefore, the Award must be confirmed under 9 U.S.C. § 9 or CPLR

---

[1] While counsel would love to take credit for the neologism, the first use of the term in an available opinion was made by Judge Hochberg of the District of New Jersey in *McCarthy v. Kelner, Pecoraro & Kelner, P.C.*, 2012 U.S. Dist. LEXIS 32288, at *6 (D.N.J. Mar. 12, 2012). Judge Suddaby of the Northern District of New York has recently noted that such pleadings are sometimes referred to as either "briefadavits" or "affirandums of law." *See Bruno v. City of Schenectady*, 2014 U.S. Dist. LEXIS 81386, at *8 (N.D.N.Y June 16, 2014).

7511(e). *See* Aloe Declaration at p. 1;

- Under FINRA Rule 13506(a), pre-hearing discovery is limited to requests for the production of documents and "identification of individuals, entities, and time periods related to the dispute." *Id.* at p. 6;

- Under FINRA Rule 13514, the parties were required to produce witness lists and "copies of all documents and other materials in their possession or control that they intend to use at the hearing that have not already been produced" at least twenty days before the first scheduled hearing date. *Id.* at p. 12;

- To summarize, petitioners' challenge of the Award is based not on the conduct or legal conclusions of the Panel, but is really based on their disagreements with the Panel's factual findings and discretionary judgment calls. This is simply not a permissible ground to challenge an award under the FAA. *Id* at p. 26.

According to Local Rule 7.1 "supporting affidavits" shall include "factual information and portions of the record necessary for determination of the motion." "[D]eclarations of counsel are generally properly used only to describe the documents attached to them as exhibits for the Court's consideration, ... not to advance factual averments or legal arguments." *Clark v. Kitt*, 2014 U.S. Dist. LEXIS 113494, at *21-22 (S.D.N.Y. Aug. 15, 2014) (declining to consider improper attorney affidavit "in its entirety"). *See also A&P v. Town of E. Hampton*, 997 F. Supp. 340, 346 n.1 (E.D.N.Y. 1998) (striking affidavit and noting that "plaintiff's counsel's twenty-five page affidavit is argumentative in the extreme and better characterized as a memorandum of law than an affirmation of facts within the personal knowledge of the affiant.").

Rules related to the content and limitations for submissions exist for a reason – to preserve judicial resources and avoid needless and repetitive argument. Here, the Declaration is simply an extension of the brief and should be disregarded.

    B.    **THE ARBITRATION AWARD SHOULD BE VACATED**

        1.  <u>**The Panel Engaged in Misconduct by Failing to Rule on Petitioners' Motion to Strike and to Adjourn the Final Hearing**</u>

As Petitioners discussed at length in their Petition, the Panel committed arbitral

3

misconduct under the FAA and the New York CPLR by failing to rule on Petitioners' September 23, 2015 emergency motion to either (i) strike the 600+ page spreadsheet Respondent intentionally withheld from production or, in the alternative, (ii) to adjourn the final hearing to allow Petitioners to evaluate the calculations.

        a. <u>Respondent Had All Necessary Information Related to His Wage Claim Before He Filed His Arbitration.</u>

As explained in the Petition, Respondent's wage claims had to be supported by evidence showing the precise amounts he claims he was underpaid during his employment. Petitioners asked Respondent in discovery to identify the transactions for which he was making wage claims and to specify the precise amounts he claimed he was owed. *See* Ex. C to Knoll Affirmation In Support of Petition, at p. 5. Respondent ignored these requests until sixteen days before the final hearing began, when he identified, in a 464 page spreadsheet, over 1,250 transactions that he alleged he was owed commissions on. Respondent subsequently submitted revised damages calculations 36 hours before the hearing and again during his expert's testimony on the final hearing day.

Respondent argues that *Petitioners* were somehow at fault for his delay in providing evidence regarding the transactions and commissions at issue. In doing so, Respondent ignores the fact that he **obtained a complete Excel spreadsheet copy of Odeon's trade blotter showing all trade activity at issue** before he left Odeon's employment. *See* Ex. A to Knoll Supplemental Declaration; *see also* Ex. G to Knoll Affirmation In Support of Petition, at p. 3. As such, Respondent could have identified each of the transactions for which he believed he should have been paid **before he filed his Statement of Claim**.

Respondent's arguments related to alleged delays in providing information are not only false, but they fail to address the question of whether the Panel was justified in refusing to

4

adjourn the hearing or permit more time to cross examine Respondent's expert on the late-provided, and critical, damages calculations. The central fact is that the last-minute production of the damages calculations were allowed by the Panel **but** without a meaningful opportunity to review or rebut those analyses. Respondent seems to be arguing that the damages analyses should have been allowed in, when the Motion to Vacate focuses instead on the next question – once the "evidence was permitted, was there a fair opportunity to review and rebut?" Here, the answer to the second, and the only relevant question, is "no."

b. <u>Petitioners' Motion to Strike or Adjourn was Timely Filed</u>

Respondent's argument that Petitioners' Motion to Strike or, in the alternative, to adjourn was untimely is baseless. In essence, Respondent argues that a party cannot file or make *any* motion inside 20 days of the hearing, including motions to strike or exclude potential hearing evidence. This argument ignores FINRA Rule 13604(b), which clearly allows parties to object to evidence another party seeks to introduce at the hearing: " A party may state objections to the introduction of any document as evidence at the hearing…"

c. <u>The Panel Never Ruled on Petitioners' Motion to Strike or Adjourn</u>

Finally, Respondent argues that the Panel "ruled" on Petitioners' Motion to Strike during the hearing. In support of this argument, Respondent provides an out-of-context quote from Chair Pessen from his uncertified transcript. However, the Chair did not specifically address Petitioners' motion, which related to Respondent's 20-day submission.

Further, there is no indication in the Award itself that there was ever any consideration of, much less a decision on, Petitioners' Motion to Strike. FINRA Rule 13904 requires that Awards "shall contain," among other items, "[a] statement of any other issues resolved." The Award in this case, in the section titled "Other Issues Considered and Decided" includes no reference whatsoever to Petitioners' motion. *See* Knoll Aff. in Support of Petition at Ex. A, p. 2.

5

More importantly, even if the Chair did deny Petitioners' motion, such a decision clearly constituted arbitral misconduct. Such a ruling would reward Respondent's conscious attempt to try his wage claims by ambush and would fail to "zealously safeguard" the "integrity of the process" in violation of the FAA and CPLR. *Bell Aerospace Co. Div of Textron Inc. v. Local 516, UAW*, 500 F.2d 921, 923 (2d Cir. 1974). As such, the Panel engaged in misconduct either by failing to rule on Petitioners' motion or by issuing a ruling that was antithetical to basic notions of due process.

### 2. The Panel Committed Misconduct by Failing to Allow a Brief Adjournment at the Beginning of Petitioners' Cross-Examination of Respondent's Expert

As Petitioners explained in their petition, not only did the Panel allow Respondent to introduce new damages models during his expert's testimony on the final day of hearing (in violation of FINRA Rule 13514(c)), it also refused Petitioners' counsel's clear and unmistakable request for an hour-long break to review these new documents (on which the expert based much of his testimony) before beginning his cross-examination. The Chair's apparent basis for denying this request for a brief adjournment was Respondent's expert's interjection[2] during Petitioners' counsel's request for a break that (despite the fact he was able to sit through three whole days of hearing) it was "tax day" and he needed to leave. *See* Knoll Supplemental Declaration at Ex. B. Regardless of the reason, denying Petitioners' request for a short adjournment further exacerbated the already significant prejudice to Petitioners.

Respondent takes the position that "the record is clear that petitioners did not request any [] adjournment" prior to his expert's testimony." Opp. Brief at p. 8. Not only is this statement belied by the transcript Respondent submitted (which shows that Petitioners' counsel stated that

---

[2] Respondent's transcript of the portion of the hearing at issue omits significant parts of the dialogue between Petitioners' counsel and the Panel. Please see the Knoll Supplemental Declaration at Exhibit B.

6

"we would like at least an hour" before examining Ricci (p. 807)), it also ignores counsel's statement present in the audio recording of the hearing (but missing from Respondent's unreliable transcript) that he would like to take a break (as this statement was drowned out by Petitioners' expert's protests).

Given the nature of Respondent's wage claims, which require proof by competent evidence, the decision by the Panel to deny Petitioners the ability to take a break to review brand new information and to review its accuracy before questioning Respondent's expert on that very document was unjustified and constitutes misconduct sufficient to vacate the Award. Respondent's attempt to now argue that Petitioners did not even request a break (instead of arguing that Petitioners were not entitled to such a break) before questioning his expert highlights that Respondent understands how significantly prejudicial this decision was.

### 3. **Respondent Mischaracterizes Petitioners' Arguments**

The central theme of Petitioners' Petition is that "[c]ourts owe no deference to an arbitrator who has failed to provide the parties with a full and fair hearing." *Int'l Union, United Mine Workers of Am. v. Marrowbone Devel. Co.*, 232 F.3d 383, 388 (4th Cir. 2000). Petitioners' have identified at least nine examples of misconduct by the Panel that denied them such a full and fair hearing. Respondent argues that Petitioners are merely questioning the Panel's factual and legal determination, which he claims are not the subject of judicial review.

Although Petitioners certainly question the Panel's award as inconsistent with and unsupported by the evidence and applicable law, those irrationalities are not the basis of Petitioners' Petition to Vacate. Instead, Petitioners clearly lay out in the Petition the multiple ways in which the Panel denied them a fundamentally fair hearing. It was these failures that corrupted the Award and that form the basis of Petitioners' Motion.

### 4. The Panel's Award of 100% of Respondent's Counsel's Attorney's Fees and its Interest Award Constitutes Manifest Disregard of the Law

As Petitioners noted in their Petition, the Panel awarded attorney's fees in excess of $247,000, the entire amount requested in the fee petition filed by Respondent's counsel. This award was made despite the fact that Respondent prevailed on only one of eleven claims in his Statement of Claim, each of which were fully litigated through the final hearing.

Respondent does not cite any cases in which a Court (or arbitration panel, for that matter) awarded 100% of requested attorney's fees despite prevailing on less than 10% of the plaintiff's claims. The complete lack of legal authority cited by Respondent make sense in light of the overwhelming weight of cases (beginning with *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) that hold that an award of attorney's fees must be measured against a prevailing party's degree of success in the case. No "barely colorable justification" exists for awarding 100% of fees requested by a claimant who prevailed on only one of eleven claims.

And the Panel didn't stop there. They went on to award 9% interest on the $1.1 million wage claim beginning November 2012, <u>three years</u> before the Award date, though there is no record evidence to support a finding that Ackerman had earned but was not paid $1.1 million by November 2012 (less than one year into his employment).

### 5. The Panel's Award of Joint and Several Liability Violates New York Law

Moreover, to the extent that the Court finds that the Award against Petitioners is due to be affirmed in any respect, it must be modified to comport to New York law. Specifically, the Award, which currently imposes joint and several liability against Odeon and individual Petitioners Schwartzberg and Van Alstyne, should be amended to clarify that any collection of the Award must comply with Section 609(c) of the New York Limited Liability Corporation statute. Section 609(c) provides that a claimant seeking recovery of wages from an LLC must

8

first seek payment on a judgment from the LLC itself before seeking recovery from the members of the LLC. If the LLC fails to pay, the statute directs that "[a]n action to enforce such liability shall be commenced within ninety days after the return of an execution unsatisfied against the limited liability company upon a judgment recovered against it for such services." *Id.*

In this case, the Award fails to specify that any joint and several liability is subject to Section 609(c) of New York's LLC statute. As such, Petitioners submit that the Panel, whose Chair represented that she had "substantial experience with employment law" in connection with her being approved by FINRA to hear statutory discrimination claims,[3] manifestly disregarded New York statutory law.

### 6. The Panel's Wage Award is Not Supported by the Record

Respondent failed in his opposition brief to counter Petitioners' argument that the $1,102,193 wage award is completely unsupported by any of the evidence presented at the final hearing and therefore could only have been based on the supposed expert "evidence" or calculations that they were prevented from effectively reviewing or cross-examining. The lack of an argument by Respondent that the Award is supported by the evidence presented is a tacit admission by Respondent that the damages awarded cannot be tied into any evidence **properly** submitted to the Panel, and instead must have been based on the **improperly admitted** "expert" reports.

Respondent's sole argument in support of the Panel's wage award is that Courts should not reexamine such matters and that arbitration panels are permitted to make awards in lump sums. Notably, none of the cases cited by Respondent involves an award of unpaid wages under federal or New York state law. The case Respondent claims is most like this matter, *GFI Sec.*

---

[3] *See* FINRA Rule 13802(b)(3)(C).

*LLC v. Labandeira*, 2002 U.S. Dist. LEXIS 4932 (S.D.N.Y. Mar. 26, 2002), involved a claim that the defendant wrongfully terminated an employment contract.

The Award in this case cannot be tied to any of the evidence submitted to the Panel, and appears to be an impermissible "guesstimate" in the calculation of damages. Simply put, Respondent was either to be paid on certain <u>specific</u> transactions or he was not. As such, the Award should be vacated because the Panel cannot truncate or preclude meaningful examinations and then, in the very next breath, issue an award based on the underlying "evidence" that was not subject to challenge.

### III.   CONCLUSION

For each of the reasons stated herein and in their Petition, Petitioners respectfully request that this Honorable Court vacate the arbitration award at issue and order that this matter be submitted for a new hearing in front of a different panel.

Dated: February 16, 2016

                                          Respectfully submitted,

                                          **Mark D. Knoll** (MK5343)

                                          BRESSLER, AMERY & ROSS, PC
                                          *Attorneys for Petitioners*

                                          17 State Street
                                          New York, New York 10004
                                          T: 212-425-9300
                                          F: 212-425-9337
                                          mknoll@bressler.com

## CERTIFICATE OF SERVICE

     I hereby certify that I have on this the 16th day of February, 2016, served a copy of the foregoing on the following via the Court's electronic filing system and electronic mail:

Paul H. Aloe, Esq.
David N. Saponara, Esq.
Kudman Trachten Aloe LLP
paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

                                                                             */s/ Mark D. Knoll*
                                                                             Mark D. Knoll