UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ODEON CAPITAL GROUP, LLC, MATHEW VAN
ALSTYNE, and EVAN SCHWARTZBERG,

                        Petitioners,

              -against-

BRET ACKERMAN,

                    Respondent.

Case No. 16-CV-00274 (JSR)

---

## MEMORANDUM OF LAW IN OPPOSITION
## TO PETITIONERS' MOTION TO REMAND

---

Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE LLP
Empire State Building
350 Fifth Avenue, 68th Floor
New York, New York 10118
Tel: (212) 868-1010

*Attorneys for Respondent Bret Ackerman*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

RELEVANT PROCEDURAL HISTORY ................................................................................ 2

ARGUMENT ........................................................................................................................... 3

   I.   An Arbitration Is Neither an Action nor a Special Proceeding under the CPLR ............... 4

      A. Special Proceedings Are Available to Resolve Disputes Arising Out of Separately
         Existing Arbitration Proceedings ................................................................................ 7

      B. *Matter of Solkav Solartechnik, G.m.b.H* and the Amendment to CPLR 7502(a) ........ 10

      C. Service of a Demand for Arbitration or Notice of Intention to Arbitrate Under CPLR
         7503(c) Is Not Required for Commencement of an Arbitration Proceeding ............... 12

      D. *Knickerbocker Ins. Co. v. Gilbert* Offers No Support to Odeon .................................. 14

   II.   The Amount in Controversy Requirement is Separate and Distinct from the Diversity of
      Citizenship Requirement ................................................................................................. 16

CONCLUSION ....................................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Beverly Cocktail Lounge, Inc. v. Emerald Vending Mach., Inc.*,
45 Misc. 2d 376, 256 N.Y.S.2d 812 (Sup. Ct. N.Y. Cty. 1965) .................................. 15

*Diffley v. Allied-Signal, Inc.*, 921 F.2d 421 (2d Cir 1990)............................................. 4

*Eagle Ins. Co. v. Republic W. Ins. Co.*,
21 Misc. 3d 1121(A), 873 N.Y.S.2d 510 (Sup. Ct. Nassau Cnty. 2008) ........................ 9

*In re Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 726 N.Y.S.2d 45 (2001) .............................. 11

*Keilly v. Sands Bros. & Co.*, 9 Misc. 3d 775, 803 N.Y.S.2d 385 (Sup. Ct. N.Y. Cnty. 2005) ....... 5

*Knickerbocker Ins. Co. v. Gilbert*, 28 N.Y.2d 57, 320 N.Y.S.2d 12 (1971)................................. 14

*Knoll N. Am., Inc. v. IBF Grp., Inc.*,
158 Misc. 2d 227, 601 N.Y.S.2d 224 (Sup. Ct. N.Y. Cnty. 1993) ............................ 5, 6

*Matarasso v. Cont'l Cas. Co.*, 56 N.Y.2d 264, 451 N.Y.S.2d 703 (1982) .................................. 13

*Matter of Bd. of Educ. of Enlarged Ogdensburg City Sch. Dist. (Wager Const. Corp.)*,
37 N.Y.2d 283, 372 N.Y.S.2d 45 (1975) ...................................................................... 5

*Matter of Blamowski (Munson Transp., Inc.)*, 91 N.Y.2d 190, 668 N.Y.S.2d 148 (1997)........... 13

*Matter of Solkav Solartechnik, G.m.b.H. (Besicorp Grp., Inc.)*,
91 N.Y.2d 482, 672 N.Y.S.2d 838 (1998) ................................................................. 10

*Matter of Taylor, Jacoby & Campo*, 208 A.D.2d 400, 617 N.Y.S.2d 168 (1st Dep't 1994).......... 7

*MRC Receivables Corp. v. Taylor*, 57 A.D.3d 1000, 871 N.Y.S.2d 293 (2d Dep't 2008)............. 9

*Scott v. Allstate Ins. Co.*, 45 A.D.3d 690, 846 N.Y.S.2d 248 (2d Dep't 2007) ............................ 9

*Spodek v. New York State Comm'r of Taxation & Fin.*,
85 N.Y.2d 760, 628 N.Y.S.2d 256 (1995) ................................................................... 4

*Star Boxing, Inc. v. DaimlerChrysler Motors Corp.*,
17 A.D.3d 372, 792 N.Y.S.2d 564 (2d Dep't 2005)...................................................... 9

*Travelers Indem. Co./Aetna Cas. & Sur. Co. v. Roth*,
258 A.D.2d 341, 685 N.Y.S.2d 228 (1st Dep't 1999) ................................................... 8

*Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332 (4th Cir. 2002) ...................................... 16, 17

**Statutes**

Bus. Corp. Law § 1312 ............................................................................................ 6

CPLR 103 ................................................................................................................. 4

CPLR 203 ............................................................................................................... 14

CPLR 304 ............................................................................................................ 2, 4

CPLR 7502 ................................................................................................ 1, 8, 11, 14

CPLR 7503 ..................................................................................................... 8, 13, 14

CPLR 7511 ............................................................................................................. 13

Jud. Law § 475 ....................................................................................................... 7

**Other Authorities**

James N. Blair and Paul H. Aloe, *New Commencement by Filing Law: A Practitioner's Survival Guide*, N.Y.L.J., June 26, 1992 ........................................................................ 4

Paul H. Aloe, *Civil Practice*, 49 Syracuse L. Rev. 247 (1999) ................................ 11

Paul H. Aloe, *Civil Practice*, 51 Syracuse L. Rev. 247 (2001) ................................ 12

Vincent C. Alexander, Consolidated Laws of New York Annotated (McKinney's 2014) 7

**Rules**

Fed. R. Civ. P. 11 ................................................................................................... 18

FINRA Rule 13200 .................................................................................................. 2

FINRA Rule 13302 .................................................................................................. 2

**Treatises**

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (3d ed.) ... 3

## PRELIMINARY STATEMENT

Respondent Bret Ackerman ("Ackerman"), by his attorneys, Kudman Trachten Aloe LLP, respectfully submits this memorandum of law in opposition to the motion of petitioners Odeon Capital Group, LLC, Mathew Van Alstyne, and Evan Schwartzberg (collectively, "Odeon") seeking to remand this case to the Supreme Court of the State of New York, County of New York, for lack of subject matter jurisdiction.

Odeon argues that, even though complete diversity existed at the time Odeon commenced its special proceeding on December 18, 2015, and when Ackerman filed his notice of removal on January 13, 2016, diversity jurisdiction is lacking because the parties were not diverse when Ackerman filed his arbitration claim in June 2014. Odeon's entire argument is based on the erroneous proposition that an arbitration proceeding is a "civil action" for the purposes of 28 U.S.C. §§ 1332, 1441, and 1446, and that there must be complete diversity of citizenship at the time of commencement of the arbitration as well as at the time of removal. Odeon has come forward with not one authority—not even a secondary authority— in New York or anywhere in the United States to support this proposition. This is not surprising, as New York law is clear that an arbitration is not a civil judicial proceeding.

New York recognizes only two forms of civil judicial proceedings: actions and special proceedings. Both are commenced by filing the appropriate pleading—a complaint or petition— with the clerk of the proper court in the proper county. Arbitrations, on the other hand, are commenced by filing or serving the appropriate initiating document in the manner required by the rules of the applicable arbitral forum. Although Article 75 of the CPLR generally governs arbitrations in New York, arbitrations are neither actions nor special proceedings under the CPLR. Indeed, CPLR 7502(a) is crystal clear: "A special proceeding shall be used to bring before a court

1

the first application arising out of an arbitrable controversy which is not made by motion in a pending action."

Under CPLR 304(a), a special proceeding is commenced by filing a petition with the court. Here, that occurred on December 18, 2015. There is simply no support for the proposition that a judicial action existed when Ackerman initiated the arbitration against Odeon in June 2014.

## RELEVANT PROCEDURAL HISTORY

Ackerman, a former employee of Odeon, filed a statement of claim with the Financial Industry Regulatory Authority ("FINRA") on June 26, 2014, asserting claims arising out of his termination by Odeon, Odeon's unlawful discrimination against him, and Odeon's failure to pay him the compensation he was due. *See* Knoll Decl., Ex. A.[1] There was no judicial action pending between the parties at the time Ackerman initiated the arbitration, and none was commenced after Odeon was served with Ackerman's statement of claim. As required by FINRA Rule 13200(a), the parties proceeded to arbitration and, after a six-day hearing conducted in accordance with FINRA's rules, an award was rendered on November 20, 2015. The award denied certain of Ackerman's claims, granted others, and awarded Ackerman compensatory damages of $1,102,193.00 for unpaid wages, interest at a rate of 9% per annum from November 1, 2012, attorneys' fees of $247,532.00, and costs of $21,349.25. Under FINRA Rule 13904(j), Odeon was required to pay the award in full within thirty date—i.e., by December 20, 2015.

Instead of paying the award, on December 18, 2015, Odeon commenced a special proceeding to vacate the award by filing a petition and notice of petition with the clerk of the Supreme Court of State of New York, County of New York. *See* Knoll Decl., Ex. D. Under CPLR 304(a), Odeon's filing was the commencement of a special proceeding. It is undisputed that, as of December 18,

---

[1] Under FINRA Rule 13302(a), FINRA arbitration proceedings are commenced by filing an initial statement of claim and a signed and dated submission agreement with the director.

2015, the parties were diverse, with Odeon—including its individual members, Mathew Van Alstyne and Evan Schwartzberg—being citizens of New York, New York, and Ackerman being a citizen of Santa Monica, California. There is also no dispute that the parties were diverse as of January 13, 2016, the date Ackerman removed the special proceeding to this Court.

## ARGUMENT

Odeon argues that this Court lacks subject matter jurisdiction over this dispute because the parties were not diverse of citizenship in June 2014, when Ackerman initiated the underlying FINRA arbitration against Odeon. Odeon contends that the parties were required to be diverse of citizenship both at the time of commencement of the arbitration and at the time of removal of Odeon's application to vacate the arbitration award to this Court. Odeon does not have a single decision from any federal court in the United States supporting this proposition. The reason for this is simple— Odeon's argument, while seemingly clever at first blush, is utterly unsupportable,

Diversity is measured when a judicial action is commenced. *See* 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3608 (3d ed.) ("It has long been hornbook law, applied by courts at all levels of the federal judiciary throughout the nation, that whether federal diversity of citizenship jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced by filing the complaint with the court as prescribed by Federal Rule of Civil Procedure 3."). Diversity exists even if it is established by one of the parties moving and establishing diversity after the events giving rise to the lawsuit. *Id.* In the removal context, "diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court." *Id.* § 3723.

Here, while Ackerman initiated the underlying FINRA arbitration against Odeon in June 2014, the parties were not involved in a civil judicial proceeding recognized by the CPLR until December 18, 2015, when Odeon commenced a special proceeding seeking to vacate the arbitration

award rendered in Ackerman's favor. Odeon does not dispute that the parties were diverse of citizenship on December 18, 2015, and on January 13, 2016, the date on which Ackerman removed the special proceeding to this Court. The parties were, therefore, diverse of citizenship both at the time of commencement of the civil action and at the time of removal to this Court, leaving no doubts as to this Court's subject matter jurisdiction over this dispute.

## I.   An Arbitration Is Neither an Action nor a Special Proceeding under the CPLR

Odeon states that "[a] federal court will look to state law determine when an action is commenced." Pet'rs' Mem. of Law at 4 (citing *Diffley v. Allied-Signal, Inc.,* 921 F.2d 421 (2d Cir 1990)).[2] Civil judicial proceedings in New York exist in only two forms: (1) actions and (2) special proceedings. CPLR 103(b) ("All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized."). CPLR 304(a) governs how civil judicial proceedings are commenced in New York: "An action is commenced by filing a summons and complaint or summons with notice in accordance with rule twenty-one hundred two of this chapter. A special proceeding is commenced by filing a petition in accordance with rule twenty-one hundred two of this chapter." Since the enactment of chapter 216 of the Laws of 1992,[3] both forms of civil judicial proceedings in New York are commenced by a party's filing the operative pleading with the clerk of the appropriate court in the appropriate county in accordance with CPLR 2102.

---

[2] *Diffley* is actually a statute of limitations case concerning the applicability of CPLR 205. *See Diffley*, 921 F.2d at 423.

[3] Before these revisions to the CPLR were enacted, actions and special proceedings in New York were commenced by service of the operative pleading. *Spodek v. New York State Comm'r of Taxation & Fin.*, 85 N.Y.2d 760, 763, 628 N.Y.S.2d 256, 258 (1995) ("Prior to July 1, 1992, actions and special proceedings were commenced in New York by service of process. In 1992, the Legislature amended CPLR 304 and changed the method for commencing actions and proceedings to a 'commencement by filing' system."); *see also* James N. Blair and Paul H. Aloe, *New Commencement by Filing Law: A Practitioner's Survival Guide*, N.Y.L.J., June 26, 1992.

No court in New York or anywhere else has ever held that the commencement of an arbitration proceeding constitutes the commencement of a special proceeding. In fact, courts in New York have consistently held that arbitration proceedings are not special proceedings. *See Matter of Bd. of Educ. of Enlarged Ogdensburg City Sch. Dist. (Wager Const. Corp.)*, 37 N.Y.2d 283, 287, 372 N.Y.S.2d 45, 47 (1975) ("CPLR no longer classifies arbitrations as 'special proceedings,' as had the former Civil Practice Act."); *Keilly v. Sands Bros. & Co.*, 9 Misc. 3d 775, 777, 803 N.Y.S.2d 385, 386 (Sup. Ct. N.Y. Cnty. 2005) (holding that "the party seeking confirmation of an arbitration award must initiate a special proceeding for confirmation in accord with CPLR Article 4"); *Knoll N. Am., Inc. v. IBF Grp., Inc.*, 158 Misc. 2d 227, 229, 601 N.Y.S.2d 224, 226 (Sup. Ct. N.Y. Cnty. 1993) ("The adoption of the CPLR changed prior law so that arbitration is no longer considered a judicial proceeding until the making of an application with respect thereto, whether by institution of a special proceeding under Article 75 or by motion in a pending action.").

In *Keilly v. Sands Bros. & Co.*, a claimant who had won an arbitration award before the National Association of Securities Dealers—FINRA's predecessor—attempted to confirm the award in the Supreme Court of the State of New York, County of New York, but did not follow the CPLR's requirements for commencement of, and service of papers in, a special proceeding. As the *Keilly* Court held:

> [T]his court's jurisdiction over respondent may only be invoked through implementation of the service of process provisions of CPLR Article 4, governing special proceedings. Thereunder, the party seeking confirmation of an arbitration award must initiate a special proceeding for confirmation in accord with CPLR Article 4. Mail service on respondent's attorney is insufficient for this purpose. Since petitioner did not adhere to those rules, the court has not obtained jurisdiction over the respondent herein.

*Keilly*, 9 Misc. 3d at 776–77, 803 N.Y.S.2d at 386.

5

In *Knoll N. Am., Inc. v. IBF Grp., Inc.*, the Supreme Court held that New York Business Corporation Law § 1312(a),[4] which prohibits unauthorized foreign corporations from maintaining actions in New York, did not apply to an unauthorized foreign corporation's arbitration proceeding because arbitration is neither an action nor a special proceeding under the CPLR:

> The adoption of the CPLR changed prior law so that arbitration is no longer considered a judicial proceeding until the making of an application with respect thereto, whether by institution of a special proceeding under Article 75 or by motion in a pending action.
>
> In light of such change I find that BCL § 1312 only applies to a proceeding pending in a court (whether instituted by action or special proceeding), and thus the out of court institution of arbitration does not fall within the bar of said section. However, any proceeding to enforce the arbitration would constitute the commencement of a special proceeding which could not be successfully prosecuted by a non-authorized foreign corporation unless it first obtained such authority. But, should such a corporation prevail in an arbitration, it could then pay taxes for the periods it did business here without authority, procure the requisite authority to do business, and then move for confirmation.

*Knoll N. Am., Inc.*, 158 Misc. 2d at 229–30, 601 N.Y.S.2d at 226.

Indeed, if Odeon's counsel had bothered to check Professor Vincent Alexander's commentary on CPLR 7502, they would have discovered that he, too, is clear that an arbitration is not a judicial proceeding.

> Under the CPLR, an arbitration is not a special proceeding as it was under Civil Practice Act § 1459. Today, a special proceeding is simply the mechanism by which judicial intervention is sought in connection with the arbitration.

\* \* \*

---

[4] BCL § 1312 (a) provides as follows:

> A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute, as defined in section eighteen hundred of such law, as well as penalties and interest charges related thereto, accrued against the corporation. This prohibition shall apply to any successor in interest of such foreign corporation.

> The procedure for special proceedings is spelled out in article 4 of the CPLR. A special proceeding is commenced by filing a petition, which must be followed by timely service of the petition and notice of petition (or order to show cause) on the respondent. The court must have a basis of jurisdiction over the respondent, such as in personam or quasi in rem.

VINCENT C. ALEXANDER, CONSOLIDATED LAWS OF NEW YORK ANNOTATED C7502:1 (McKinney's 2014).

There is simply nothing unclear about the law in New York on this issue. An arbitration is not a special proceeding, and a special proceeding relating to the arbitration is commenced by the filing of a petition in accordance with CPLR 304(a). That occurred on December 18, 2015, at a time when there undisputedly was complete diversity.

### A. Special Proceedings Are Available to Resolve Disputes Arising Out of Separately Existing Arbitration Proceedings

Even a cursory review of Article 75 of the CPLR makes clear that arbitrations and special proceedings are separate and distinct. While Article 75 generally governs arbitration in New York, nowhere does it provide that an arbitration proceeding is a special proceeding. Indeed, the statutory scheme is quite clear that an arbitration proceeding is not—and indeed cannot be—a standalone special proceeding.[5] Stated simply, Article 75 special proceedings exist to resolve disputes that arise out of separately existing arbitration proceedings.

---

[5] There is ample support elsewhere in the laws of the State of New York for the distinction between civil judicial proceedings and arbitrations and other alternative dispute resolution proceedings. For example, section 475 of the Judiciary Law, which governs attorney charging liens, specifically distinguishes between "an action, special proceeding or other proceeding in any court or before any state, municipal or federal department" and "means of alternative dispute resolution, including, but not limited to, mediation or arbitration." *See Matter of Taylor, Jacoby & Campo*, 208 A.D.2d 400, 401, 617 N.Y.S.2d 168, 168 (1st Dep't 1994) (distinguishing between underlying arbitration proceeding and CPLR Article 75 special proceeding to confirm arbitration award and holding that "lien can be asserted only by 'the attorney who appears for a party' in the action or special proceeding").

If an arbitration was a special proceeding, then CPLR 7502(a), and the voluminous body of case law interpreting it, would be completely nonsensical. CPLR 7502(a) provides that "[a] special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action." This provision could not be any clearer—it recognizes that there are judicial applications that parties may bring in connection with a contemplated or pending arbitration. It is also clear that a special proceeding is not necessary unless and until there is a justiciable application arising out of the parties' arbitrable controversy.

There are several different types of applications that arise out of arbitrable controversies, and they exist at different stages of arbitration proceedings. For example, a party may commence a special proceeding seeking to compel another party to resolve their dispute in accordance with the parties' arbitration agreement. *See* CPLR 7502(a) ("A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration."). Conversely, a party that believes that there is no valid agreement requiring arbitration may commence a special proceeding seeking to stay the arbitration in favor of a civil judicial action. *See* CPLR 7503(a); *Travelers Indem. Co./Aetna Cas. & Sur. Co. v. Roth*, 258 A.D.2d 341, 341, 685 N.Y.S.2d 228, 229 (1st Dep't 1999) ("A special proceeding, such as one to stay arbitration, is deemed commenced upon the filing of the notice of petition and petition with the clerk of the court."). In both of these examples, the first application relating to the arbitrable controversy arises early on in the arbitrable dispute, requiring the commencement of a special proceeding before the underlying arbitration has concluded or even progressed very far past the initiation stage. However, that need not always be the case.

If there is no dispute as to the arbitrability of the controversy, and the parties proceed to arbitration without an application to compel or stay the arbitration proceeding, then the first application arising out the arbitrable controversy may be an application to vacate or confirm the arbitration award. *See MRC Receivables Corp. v. Taylor*, 57 A.D.3d 1000, 1001, 871 N.Y.S.2d 293,

294 (2d Dep't 2008) ("In the case at bar, it was undisputed that the 'first application arising out of the arbitrable controversy' was the instant special proceeding to confirm the arbitration award."); *Scott v. Allstate Ins. Co.*, 45 A.D.3d 690, 691, 846 N.Y.S.2d 248, 249 (2d Dep't 2007) ("Contrary to the respondent's contention, the notice of petition, petition, and supporting papers should not have been served upon its counsel pursuant to CPLR 2103(b), as there was no pending action. Here, the 'first application arising out of the arbitrable controversy' was the petitioner's special proceeding to vacate the arbitration award. Thus, the petitioner properly filed the notice of petition, petition, and supporting papers and then served them on the respondent, instead of merely serving them on respondent's counsel."); *Star Boxing, Inc. v. DaimlerChrysler Motors Corp.*, 17 A.D.3d 372, 372, 792 N.Y.S.2d 564, 565 (2d Dep't 2005) ("In the case at bar, it was undisputed that the 'first application arising out of the arbitrable controversy' was the instant special proceeding to confirm the arbitration award. It was also undisputed that the petitioner commenced the proceeding by simply mailing the petition, via ordinary mail, to the law firm that appeared for the appellant at the arbitration hearing. Moreover, the law firm denied that it was authorized to accept service on the appellant's behalf. Accordingly, since the petitioner failed to properly serve the petition, the Supreme Court lacked personal jurisdiction over the appellant, and the motion to dismiss the proceeding should have been granted."). Whether the application seeks confirmation or vacatur of an arbitration award, judicial review of the arbitration award is accomplished through a special proceeding under Article 75 of the CPLR. *See Eagle Ins. Co. v. Republic W. Ins. Co.*, 21 Misc. 3d 1121(A), 873 N.Y.S.2d 510 (Sup. Ct. Nassau Cnty. 2008) ("Review of an arbitration award is accomplished by way of a special proceeding.").

A third scenario—one that does not require any judicial intervention at all—is also possible. If there is no dispute as to the arbitrability of the controversy, the parties proceed through the arbitration process and evidentiary hearing, the arbitration results in an award in favor of one of the

parties, and the party against whom the award was rendered pays the award in full, without either side seeking confirmation of vacatur of the award before payment, then the arbitration has run its course without the need for a special proceeding. In such a case, the arbitration proceeding never required the involvement of the court, obviating the need for either party to ever commence a special proceeding.

The dispute between Ackerman and Odeon falls squarely within the second scenario. The parties proceeded to arbitration without any dispute. Judicial intervention was neither required nor sought until December 18, 2015—after Odeon suffered an award—when Odeon commenced the special proceeding in New York County seeking to vacate the award. At that time, there is no dispute that the parties were completely diverse.

### B. *Matter of Solkav Solartechnik, G.m.b.H* and the Amendment to CPLR 7502(a)

If there could be any doubt about this—Ackerman respectfully submits there ought not be— then *Matter of Solkav Solartechnik, G.m.b.H. (Besicorp Grp., Inc.)*, 91 N.Y.2d 482, 672 N.Y.S.2d 838 (1998) definitively resolves the issue against Odeon. In *Matter of Solkav*, the Court of Appeals held that, where an arbitration-related controversy begins with an application to determine arbitrability, and the pre-arbitration special proceeding is terminated by an order directing judgment and determining the rights of the parties, a post-arbitration application to confirm or vacate the award must be brought in new special proceeding because the pre-arbitration special proceeding has ended. *Id.* at 486–87. In other words, the Court of Appeals held that the judgment compelling arbitration ended the first judicial proceeding. Therefore, the parties could no longer make a motion in that proceeding to confirm the award because the judicial proceeding was over, and an entirely new special proceeding had to be commenced to confirm or vacate the award.

The *Matter of Solkav* decision was subject to immediate criticism, as it needlessly required the purchase of a second index number and, more troublingly, enabled parties to bring their post-arbitration proceedings before different judges in different counties—a clear example of forum shopping.[6] *See* Paul H. Aloe, *Civil Practice*, 49 SYRACUSE L. REV. 247, 269 (1999) ("The result of that rule is that not only does the party bringing the second application have to pay for a second index number, but such party has the opportunity to bring a proceeding before a different judge or in a different county from the first application.").

The legislature did not take long to take the Court of Appeals up on its offer, amending CPLR 7502(a) by chapter 226 of the Laws of 2000. In particular, CPLR 7502(a) was amended to add (iii), which provides as follows: "Notwithstanding the entry of judgment, all subsequent applications shall be made by motion in the special proceeding or action in which the first application was made." Just one year later, the Court of Appeals acknowledged that the amendment to CPLR 7502(a) superseded its decision in *Matter of Solkav* and expressly required parties seeking confirmation or vacatur of an arbitration award to return to their earlier special proceeding, if one had been commenced during the course of the parties' arbitrable controversy. *See In re Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 119–20, 726 N.Y.S.2d 45, 45 (2001) ("In *Matter of Solkav Solartechnik, G.m.b.H. (Besicorp Group)*, we held that when a pre-arbitration special proceeding ends in a final judgment, a new proceeding must be commenced to confirm an arbitration award, and we invited the Legislature to amend CPLR 7502(a) if it intended otherwise. The Legislature responded promptly with CPLR 7502(a)(iii) . . . ."); Paul H. Aloe, *Civil Practice*, 51 SYRACUSE L.

---

[6] For example, if a party brought an application to stay arbitration in New York County, and its application was denied, then it might very well choose to take its application seeking to vacate the award rendered against it to another county of appropriate venue so it does not have to be before the same judge that denied its earlier application.

REV. 247, 271–74 (2001) (discussing *Matter of Solkav* decision and subsequent amendment to CPLR 7502(a)).

Under *Matter of Solkav*, had Ackerman been forced to go to court to secure a judgment compelling arbitration, then the subsequent application to vacate the award would have been an entirely different judicial proceeding. Here, of course, that did not occur, as there was no initial application. The legislative amendment to CPLR 7502(a), while it required the second application to be made in the first special proceeding, did not change the rule that arbitrations and special proceeding are separate and distinct. This is absolutely fatal to Odeon's argument.[7]

### C. Service of a Demand for Arbitration or Notice of Intention to Arbitrate Under CPLR 7503(c) Is Not Required for Commencement of an Arbitration Proceeding

Odeon contends that an arbitration in New York is commenced by service of a demand for arbitration or notice of intention to arbitrate under CPLR 7503(c). *See* Pet'rs' Mem. of Law at 3–4. The issue here, of course, is not when the arbitration was commenced, but when the judicial action was commenced. However, to indulge Odeon's argument concerning the commencement of arbitrations, it is plainly wrong.

CPLR 7503(c) expressly provides that "[a] party *may* serve upon another party a demand for arbitration or a notice of intention to arbitrate." Service of a demand for arbitration or a notice of

---

[7] Odeon argues that, "had Odeon, Van Alstyne, or Schwartzberg refused to consent to arbitration at the time they were served with the Statement of Claim in July 2014, Ackerman would not have been able to bring any motion or petition to compel arbitration in the federal courts because the parties were not diverse." Pet'rs' Mem. of Law at 6. Of course, it is indisputable that Odeon did not refuse to consent—nor could they under FINRA rules. This argument, therefore, proves nothing. The undeniable fact is that the parties were diverse both at the time the one and only civil action arising out of the parties' arbitration was commenced and at the time Ackerman removed the matter to this Court. Nothing else is required for this Court to have subject matter jurisdiction over this dispute. Whether or not Ackerman could bring a motion to confirm the award in federal court had there previously been an initial application in state court is a more interesting issue, one that is addressed *infra* beginning at page 16. Here, however, there was no judicial proceeding until December 18, 2015.

intention to arbitrate is not required to commence an arbitration proceeding. Rather, service of a demand or notice in accordance with CPLR 7503(c) is required only if a party seeking arbitration wishes to avail itself of certain protections provided in Article 75, such as limiting the adverse party's time to apply for a stay of arbitration to twenty days after service of the demand or notice. *See* CPLR 7503(c); *Matarasso v. Cont'l Cas. Co.*, 56 N.Y.2d 264, 267, 451 N.Y.S.2d 703, 704 (1982) ("Generally, where the parties have entered into an agreement to arbitrate their disputes, and the party desiring arbitration has served a proper notice of intention to arbitrate, the party seeking to avoid arbitration on the ground that the agreement is invalid or has not been complied with, must, under the statute's clear language, seek a stay of arbitration within 20 days of service."). In other words, if the party desiring arbitration does not serve a proper demand for arbitration or a notice of intention to arbitrate, then it cannot hold the adverse party to the twenty-day limitation under CPLR 7503(c) for applying to stay the arbitration. *Matter of Blamowski (Munson Transp., Inc.)*, 91 N.Y.2d 190, 195, 668 N.Y.S.2d 148, 150 (1997) ("The expiration of this 20–day period terminates a party's right to contest the obligation to arbitrate. Thus, CPLR 7503(c) is a critical notice provision in the statute. In fact, the validity of the 20–day limitation period depends upon the sufficiency of the notice.").

Proper service of a demand for arbitration or a notice of intention to arbitrate also limits the grounds on which the adverse party may challenge an arbitration award under CPLR 7511. In particular, if the adverse party "neither participated in the arbitration nor was served with a notice of intention to arbitrate," then it may challenge the arbitration on the additional grounds provided in CPLR 7511(b)(2). *See* CPLR 7511(b)(2); *id.* (holding that, since petitioner employee's notice of arbitration did not comply with CPLR 7503(c), "respondent employer may properly seek the broader and additional remedies articulated in CPLR 7511(b)(2)").

13

Thus, while service of a demand for arbitration or a notice of intention to arbitrate in accordance with CPLR 7503(c) provides certain protections to a party desiring arbitration, it is neither necessary nor sufficient to commence an arbitration proceeding. Indeed, commencement procedures will vary based on the arbitral forum selected by the parties in their arbitration agreement. Here, Ackerman commenced the underlying arbitration in accordance with FINRA rules, and CPLR 7503(c) never had any effect on the parties' arbitration.[8]

### D. *Knickerbocker Ins. Co. v. Gilbert* Offers No Support to Odeon

Nothing in *Knickerbocker Ins. Co. v. Gilbert*, 28 N.Y.2d 57, 320 N.Y.S.2d 12 (1971)—the case on which Odeon principally relies—offers the slightest support for Odeon's argument. The precise issue before the Court of Appeals was not whether an arbitration is a special proceeding, but whether a notice of an application to stay arbitration is timely if it was mailed within the then-ten-day period under CPLR 7503(c), but is not received until after the ten-day period. When *Knickerbocker* was decided, actions and special proceedings in New York were commenced by service of process rather than by filing. *See supra* note 3. CPLR 7503(c) provides that, where a party

---

[8] Odeon's statement that, under the CPLR 7502(b), "the service of a notice of intent to arbitrate stops the running of the statute of limitations" also goes nowhere. Pet'rs' Mem. of Law at 5–6. First, CPLR 7502(b) does not say that. It provides as follows:

> If, at the time that a demand for arbitration was made or a notice of intention to arbitrate was served, the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state, a party may assert the limitation as a bar to the arbitration on an application to the court as provided in section 7503 or subdivision (b) of section 7511.

Furthermore, as is the case with everything else under Article 75, the provision distinguishes between the arbitration itself and a judicial application concerning the arbitration. Even if service of an arbitration demand or notice was sufficient stopping the running of the statute of limitations, it would still not constitute commencement of a civil judicial action. *See* CPLR 304(a). CPLR 203 governs when a claim is "interposed" for limitations purposes, and while that is usually the commencement of a judicial action, that is not the only time a claim is interposed or tolled. *See* CPLR 203(b), 207–10.

has been served with a demand for arbitration in accordance with CPLR 7503(c), the other party must make an application to stay the arbitration or "be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time." The application, of course, is a special proceeding, as CPLR 7502(a) expressly provides. CPLR 7503(c) further provides that "such application shall be served in the same manner as a summons or by registered or certified mail, return receipt requested." The question in *Knickerbocker*, therefore, had nothing to do with whether the arbitration was a special proceeding, but whether or not the special proceeding that was commenced in accordance with CPLR 7503(c) was commenced in a timely fashion.

The portion of the *Knickerbocker* decision gratuitously block-quoted by Odeon, although an interesting discussion of the history of the CPLR,[9] offers nothing in the way of support for its argument that an arbitration proceeding is a civil action under the CPLR. The Court of Appeals did not hold than an arbitration is a special proceeding, and it did not even offer dicta that would support Odeon's position. *Beverly Cocktail Lounge, Inc. v. Emerald Vending Mach., Inc.*, 45 Misc. 2d 376, 378, 256 N.Y.S.2d 812, 814 (Sup. Ct. N.Y. Cty. 1965), cited in *Knickerbocker*, further undermines Odeon's argument: "The commencement of or the service of a notice of intention to arbitrate is no longer a special proceeding as formerly provided for by section 1459 CPA. Section 7502(a) CPLR now specifically states that a special proceeding comes into being when the first application is made to the court arising out of an arbitrable controversy."

---

[9] That arbitrations were considered special proceedings prior to enactment of the CPLR is a particularly interesting tidbit. However, that fact is fatal to Odeon's argument, as it makes clear that arbitrations are longer considered civil judicial proceedings in New York, and indeed have not been since the enactment of the CPLR over 52 years ago.

## II.     The Amount in Controversy Requirement is Separate and Distinct from the Diversity of Citizenship Requirement

Odeon contends that using "the date that the arbitration was initiated as the date an action is considered to have 'commenced' promotes uniformity and consistency with another central element of diversity jurisdiction—the amount in controversy requirement." Pet'rs' Mem. of Law at 6.[10] This argument completely ignores the fact that the commencement of a civil action is not an amorphous concept subject to open interpretation. On the contrary, CPLR 304(a) provides a specific, detailed procedure for the commencement of a civil action in in New York. Commencement of a civil action is not, as Odeon flippantly suggests, something that can be merely "deemed" to have occurred at a time of the court's or a party's choosing—it is the result of filing a pleading with the clerk of the court, a volitional act that sets in motion the wheels of justice in the courts of the State of New York.

A federal case somewhat related to the issue here, *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332 (4th Cir. 2002), puts the final nail in Odeon's coffin. In *Vulcan Chem. Techs., Inc.*, the plaintiff had commenced breach of contract action in California state court, and the state court granted defendant's motion to compel arbitration, which resulted in an award in plaintiff's favor. *Vulcan Chem. Techs., Inc.*, 297 F.3d at 335. The defendant then brought a motion to vacate the award in the United States District Court for the Eastern District of Virginia. *Id.* The plaintiff—who had moved to confirm the award in the California state court—argued that there was no diversity jurisdiction because the parties were not diverse when the California state court action was commenced. *Id.* The Fourth Circuit rejected that argument (although it held abstention was proper) because the defendant's motion to vacate the award was independent of the underlying action.

---

[10] *Wise v. Marriott Int'l, Inc.*, No. 06-CV-11439 (LAP), 2007 WL 2200704 (S.D.N.Y. July 30, 2007), and *N. Am. Thought Combine, Inc. v. Kelly*, 249 F. Supp. 2d 283 (S.D.N.Y. 2003), cited by Odeon, all deal with when the amount in controversy is measured, not when diversity of citizenship is measured. *See* Pet'rs' Mem. of Law at 9.

> We agree with Vulcan that this action is an independent action authorized by the Federal Arbitration Act, with jurisdiction conferred by 28 U.S.C. § 1332. Section 10 of the Act creates a separate cause of action to vacate an arbitration award under certain limited circumstances. The Section 10 cause of action is independent of any action that may have been filed to compel arbitration. In addition, at the time this Section 10 action was commenced, the parties were of diverse citizenship, giving the district court jurisdiction. Accordingly, we reject Barker's jurisdictional challenge based on the contention that this case is a continuation of the California case.

*Id.* at 337–38. Here, there was no previously commenced judicial action, making Odeon's argument that there is no diversity jurisdiction even weaker.

In a final attempt to support their incomprehensible argument in favor of remand, Odeon proposes the following "simple test" for assessing whether this Court has subject matter jurisdiction:

> [W]ould the district court have had jurisdiction to resolve controversies arising out of the dispute at all stages of the arbitration proceeding, from the demand for arbitration through the application to confirm or vacate any final award? If the answer is no at any stage of the proceeding, then the district court lacks subject matter jurisdiction and the matter must be remanded to state court.

By proposing this test, Odeon has—in one fell swoop—laid aside Article III of the Constitution and usurped the authority of both the United States Congress and the New York State Legislature to legislate the subject matter jurisdiction of their respective courts. It demonstrates a stunning misunderstanding of our federalist system and great disrespect for this authority vested with this Court.

The test for subject matter jurisdiction is already simple, though ostensibly not simple enough for Odeon. This Court need only assess the citizenship of the parties on two dates: (1) December 18, 2015, the date on which the one and only civil action involving the parties was commenced; and (2) January 13, 2016, the date Ackerman removed that civil action to this Court. There is no denying that the parties were diverse on both dates. Thus, the simple conclusion is that this Court has subject matter jurisdiction over the parties' dispute.

17

If Odeon wishes to use procedural chicanery to delay this proceeding, then it must, at the very least, offer "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). It has failed to do so here. This Court must deny Odeon's desperate, last-ditch attempt to postpone consideration of the merits of its application and the inevitable confirmation of Ackerman's arbitration award.

## **CONCLUSION**

For these reasons, Ackerman respectfully submits that this Court must deny Odeon's motion seeking to remand this case to the Supreme Court of the State of New York, County of New York, for lack of subject matter jurisdiction.

Dated: New York, New York
February 17, 2016

By: _____

Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE LLP
Empire State Building
350 Fifth Avenue, 68th Floor
New York, New York 10118
Tel: (212) 868-1010

*Attorneys for Respondent Bret Ackerman*